UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TUUFULI M.,

             Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

Case No. C23-0463-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1990, has a limited education, and has worked as a fast food worker and companion. AR 32. Plaintiff was last gainfully employed in December 2018. AR 71.

On May 22, 2020, Plaintiff applied for disability insurance benefits. AR 23. Plaintiff then applied for supplemental security income on June 3, 2020. AR 23. Plaintiff alleges disability as of December 31, 2018, for both applications. AR 23. Plaintiff's applications were

denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 23.  After the ALJ conducted a hearing on March 15, 2022, the ALJ issued a decision finding Plaintiff not disabled.  AR 23.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since December 31, 2018.

**Step two**:  Plaintiff has the following severe impairments: depression, schizophrenia, personality disorder, substance abuse disorder, and anxiety.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, 1 to 3 step instructions with occasional and superficial interaction with others.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 26-32.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 9-11.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in evaluating the opinion of Tasmyn Bowes, Psy.D., examining psychologist, and in assessing her RFC. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

A.    **The ALJ Did Not Err in Finding Dr. Bowes' Opinion Unpersuasive**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

1  ALJ's consistency and supportability findings must be supported by substantial evidence. *See*

2  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

3        In July 2020, Dr. Bowes evaluated Plaintiff and opined that she had unspecified

4  psychotic disorder, unspecified anxiety disorder, unspecified depressive disorder, and

5  methamphetamine use disorder; that she was markedly impaired in her ability to perform

6  activities within a schedule, maintain regular attendance, and be punctual within customary

7  tolerances without special supervision and adaptation; and that she was severely impaired in her

8  ability to communicate and perform effectively, maintain appropriate behavior in the workplace,

9  and complete a normal workday or work week without psychological interruptions. AR 556-59.

10       The ALJ summarized Dr. Bowes' findings and explained that he did not find them

11 persuasive for several reasons. First, the ALJ found that Dr. Bowes' statement that Plaintiff

12 would benefit from vocational training undermined her opinion that Plaintiff's impairments

13 precluded her ability to work. AR 31. Plaintiff contends that "the ALJ's unexplained and

14 inexplicable claim that a recommendation of stable housing compromises Dr. Bowes's opinion is

15 illogical and bears no relation to whether her opinion is valid or supported or consistent." Dkt.

16 12 at 12. But the ALJ did not, as Plaintiff suggests, rely on Dr. Bowes' recommendation as to

17 the issue of stable housing. What the ALJ wrote was: "Dr. Bowes notes that the [Plaintiff] needs

18 stable housing and would benefit from vocational training indicating that she believes she is

19 capable of employment in some capacity." AR 31. Here, the ALJ clearly relies on the

20 recommendation that Plaintiff would benefit from vocational training in discrediting Dr. Bowes'

21 opined limitations.

22       Plaintiff argues that such a recommendation is not inconsistent with Dr. Bowes' opined

23 limitations because "vocational services can be intended for individuals with disabilities to

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

transition over time into accommodated or sheltered work which may be part-time, and which is not Substantial Gainful Activity." Dkt. 12 at 13.  This argument fails because, as the Commissioner contends, "receiving services under the Rehabilitation Act does not evince a disabling impairment within the meaning of the Social Security Act." Dkt. 15 at 11.  The Ninth Circuit has itself ruled that an ALJ finding a Plaintiff could work was consistent with a doctor's opinion recommending vocational rehabilitation training. *Ferguson v. Astrue*, 225 F. App'x 719, 720 (9th Cir. 2007).  Plaintiff has not shown the ALJ committed harmful legal error in relying on Dr. Bowes' recommendation as to vocational training in discounting her opinion.

Second, the ALJ acknowledged that Dr. Bowes' opined limitations were partially supported by her exam findings, but found her limitations inconsistent with records from periods where Plaintiff took medication and engaged in counseling, which showed she could "tend to a full range of daily activities, is cooperative and helpful, and has fair performance on mental status testing." AR 31.  Additionally, the ALJ cited contemporaneous records from around the time of Dr. Bowes' opinion and found that "subsequent records provide a clearer picture of the [Plaintiff's] functioning with treatment and do not support [Dr. Bowes'] drastic limitations." AR 31.  Plaintiff contends the ALJ erred in discounting Dr. Bowes' opinion "without citation to specific facts or explanation of the nature of the inconsistency," and that his reasoning was "far too vague to be a specific and legitimate or an adequate basis based upon substantial evidence" to discredit Dr. Bowes' opinion. Dkt. 12 at 13.  But it is the Court's obligation to determine whether the record contains substantial evidence supporting the ALJ's findings of fact. *See, e.g.*, *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) ("Under the substantial-evidence standard, we look to the existing administrative record and ask whether it contains sufficient evidence to

support the agency's factual determinations." (cleaned up)). Here, the Court's review of the record reveals that substantial evidence supports the ALJ's finding.

Specifically, the ALJ discussed Plaintiff's self-completed function report, where Plaintiff indicated: (1) She goes outside sometimes and is able to drive and walk by herself (AR 293); (2) She goes shopping in-person and on her phone for food, laundry soap, and snacks and is able to prepare her own meals (AR 292, 93); (3) She has no issues paying bills or counting change (AR 293); (4) She has no problems with memory and no issues completing tasts or following spoken instructions (AR 295); and (5) She socializes daily with her friends by video-chatting, meeting in-person, speaking on the phone, and/or texting; and indicated that her hobbies and social activities had not changed since the alleged date of disability. AR 294.

Furthermore, the ALJ noted that during the July 2020 psychiatric evaluation with Dr. Bowes, Plaintiff said she uses the bus for public transportation, is able to do chores like laundry, and tends to her personal hygiene. AR 558. The ALJ also considered that at an earlier appointment in June 2020, Plaintiff reported her medication was helpful for her mood and made her more calm, happy, and excited. AR 569. She believed her medication combo decreased her frequency of panic attacks and said she "feels better when she is able to make it to her appointments." AR 569. Notably, the mental status exam results from that appointment are entirely unremarkable. Plaintiff's speech had a regular rate, rhythm, and tone, her mood was euthymic, she had no abnormal or psychotic thoughts, and she did not list any cognitive impairments. AR 570-71. She demonstrated logical thought processes, a grossly intact recent and remote memory, and an intact vocabulary and comprehension. AR 570. Finally, she was aware of current events, alert and oriented, and attentive in the interview. AR 570.

Later, during a medication management meeting towards the end of July 2020, Plaintiff was reported to be calm, cooperative, alert, oriented, and attentive; and the treatment provider indicated she had linear and goal directed thought processes, intact memories, and fair insight and judgment. AR 583. Additionally, Plaintiff reported improvement in her mental health due to compliance with counseling and medication. AR 581-83. That same week, Plaintiff told another provider she "no longer wants to seek employment due to the potential of losing her [benefits]." AR 587.

Other contemporaneous records the ALJ discussed are consistent with finding Dr. Bowes' opined limitations unpersuasive. In February 2021, Plaintiff reported an increased level of anxiety, stress, and depression, but admitted she had been noncompliant with her medication for several months. AR 738. Despite this, Plaintiff denied experiencing significant suicidal ideations, auditory hallucinations, or engaging in self harm. AR 738. Seven days later, Plaintiff said she was waiting on SSDI and looking for employment until it comes through. AR 742. Then, in March 2021, she reported that although she was not taking her medication, she was isolating less, she was meeting with friends more, and she was going on more dates. AR 754.

Plaintiff has not shown that the ALJ unreasonably interpreted the treatment notes or Plaintiff's personal evaluation of her limitations to find that they suggest improvement with treatment and medication, or that the ALJ erred in discounting Dr. Bowes' opined limitations. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Because substantial evidence supports the ALJ's supportability and consistency findings as to Dr. Bowes' opinions, Plaintiff has not shown that the ALJ erred in finding the opinion unpersuasive.

### B. The ALJ Did Not Err in Assessing Plaintiff's RFC

Plaintiff argues that the ALJ erred in crafting an RFC assessment without adequately weighing and explaining the degree of persuasion assigned to Dr. Bowes' opinion and that substantial evidence does not support the ALJ's adopted RFC. Dkt. 12 at 3. As explained *supra*, Plaintiff has not shown that the ALJ erred in finding Dr. Bowes' opined limitations unpersuasive. Consequently, *infra*, the Court will address only the issue of whether substantial evidence supports the ALJ's adopted RFC.

The ALJ found that Plaintiff had severe mental impairments of depression, schizophrenia, personality disorder, substance abuse disorder, and anxiety. AR 26. Based on the ALJ's evaluation of the entire record, he found that the Plaintiff could "perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, 1 to 3 step instructions with occasional and superficial interaction with others." AR 28.

Plaintiff contends the ALJ erred in adopting an RFC that "assumes an ability to maintain adequate attendance without breaks or absences beyond those customarily permitted as well as appropriate behavior." Dkt. 12 at 3. She argues that "the tolerances for lapses in attendance and productivity are extremely low" and that "a review of the record demonstrates that substantial evidence does not support the ALJ's adopted residual functional capacity." Dkt. 12 at 3. She then contends that "the ALJ's assumption that the Plaintiff was capable of taking medication and engaging in treatment such that she would not be disabled is unsupported." Dkt. 12 at 3.

In the only brief Plaintiff submitted, she spent the majority of eight pages summarizing – and copy and pasting large portions from treatment notes – various medical findings, but then failed to explicitly tie any of the findings to an alleged error in the ALJ's decision regarding her ability to take medication, engage in treatment, or attend work. Plaintiff's generic conclusions

alone do not elevate her simple summary of evidence to a sufficiently meaningful argument that this Court – or opposing counsel – are able to address.

The Ninth Circuit has itself recognized that the claimant waived "any argument based on [clinical] findings" where the Plaintiff "simply list[ed] numerous clinical findings, unaccompanied by argument." *Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022). That is because "[b]are assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'" *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007).

While the Court declines to manufacture Plaintiff's argument for them, it notes that Plaintiff relies primarily on two parts of the record in challenging the ALJ's RFC. First, without making an argument or citing case law, she states that on February 7, 2020, she was admitted to the hospital and diagnosed with "Bipolar Disorder, depressed with psychotic and mixed features and Borderline personality traits. Dkt. 12 at 5. But a closer look at the record reveals Plaintiff was never actually diagnosed. Plaintiff quotes her admitting diagnoses for inpatient treatment (AR 751), but cites no evidence that they were confirmed by a medical professional after additional observation or testing. Furthermore, the record indicates Plaintiff was cooperative with treatment and was discharged with a stable psychiatric condition, good mood, and no homicidal thoughts, hallucinations, or delusions – which is consistent with the ALJ's finding that Plaintiff improved with treatment and medication. AR 751.

Second, Plaintiff says she was diagnosed with Borderline Personality Disorder on July 27, 2020, and argues that "such a diagnosis would explain the Plaintiff's recurring cycles of self-destructive behavior and contradict the ALJ's assumption that she functioned well when taking medication." Dkt. 12 at 9. Plaintiff cites a Mayo Clinic Press post, with no author, to argue that

"such a personality disorder is viewed as treated most effectively by psychotherapy, and no medication has been approved for its treatment." Dkt. 12 at 9.  Yet the record shows that Plaintiff relies on a rule-out diagnosis – with no followup evaluation – to attribute error to the ALJ's evaluation.  AR 583.  But a rule-out diagnosis does not constitute an actual diagnosis. *See Dunn v. Berryhill*, 2017 U.S. Dist. LEXIS 89097, at *6 n.2 (W.D. Wash. May 25, 2017).  Here, Plaintiff fails to show that the ALJ ignored significant probative evidence.  Additionally, the evidence she relies on is consistent with the ALJ's finding that she needs medication, that she improves when compliant with treatment, and that her symptoms primarily stem from situational stressors.

Finally, Plaintiff acknowledges that subsequent records reveal "less symptomatic behavior resulting in extreme measures" but argues that "evidence of such measures is not necessary to support a finding that the Plaintiff would be unable to meet employers' tolerances as testified to by the vocational expert." Dkt. 12 at 11.  Plaintiff's rote summarization of various parts of the medical record and conclusory assignment of error asks the Court to interpret the evidence in her favor, but when the evidence is susceptible to more than one rational interpretation it is the Commissioner's conclusion that must be upheld.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Because Plaintiff has failed to meet her burden to show harmful legal error in the ALJ's RFC assessment, the Court rejects this assignment of error.

//

//

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 19th day of October, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11